## HALL vs. CRESWELL.

[ACTION BY MARRIED WOMAN IN HER OWN NAME TO RECOVER MONEY LOANED BY HER, &c.]

1. *Husband, authority of, as trustee of wife's separate statutory estate; what action of wife can not divest* —A wife cannot divest her husband of his authority as her trustee over her separate statutory estate, by contracting with one to whom she lends money, that the borrower is to pay it to her and not to her husband, he not being a party to the agreement.

APPEAL from Circuit Court of Wilcox.

Tried before Hon. P. O. HARPER.

The complaint in this case was as follows:

"Lydia Creswell     The plaintiff, a married woman, and
     vs.          wife of William H. Cresswell, claims
R. C. Hall.     of defendant $91.80, due by account for money loaned to him by plaintiff in the year 1860, with interest thereon. Plaintiff avers that she is a married woman, the wife of William H. Creswell; that she has a separate estate secured to her by the statute of Alabama, commonly called the married woman's law, and that the money sued for constitutes part of said separate estate."

The defendant demurred to the complaint—

1st. Because the suit is not brought by next friend.

2d. Because the complaint does not state that the money sued for is part of the *corpus* of plaintiff's statutory separate estate.

The court overruled the demurrer, and thereupon defendant pleaded payment, coverture of plaintiff, and set-off, &c., and upon these pleas plaintiff took issue.

The money was borrowed of plaintiff as alleged in the complaint, but the defendant proved that before the suit was commenced, he had paid the same to the husband of plaintiff.

It was proved that at the time of the loan, defendant

promised to pay the money back to plaintiff herself, and that she then informed him that her husband had nothing whatever to do with the transaction.

It was also proved that at the time of the loan, as well as at the date of the payment, plaintiff was a married woman and the wife of William H. Cresswell and was living with him.

This being the substance of the proof, the court charged the jury, "that the husband had no right to receive the money due the wife, belonging to her statutory separate estate, under the evidence in the case, and that section 2375 of the Revised Code of Alabama, applied only to property to which she might be entitled; but that after the property was received, the husband's right or power to receive moneys loaned by the wife, was not covered by the statute." The court refused to give a charge asked by defendant, asserting the converse of the propositions of law enunciated in the charge given, and the defendant duly excepted to the charge given and the refusal to give the charge asked.

There was a verdict and judgment for the plaintiff, and hence this appeal.

The errors assigned are—

1st. Overruling the demurrer.

2d. The charge of the court.

COCHRAN & DAWSON, for appellant.

—————— McCASKILL, contra.

(No briefs came into the Reporter's hands.)

B. F. SAFFOLD, J.—Section 2375 of the Revised Code authorizes a husband to receive property coming to his wife, or to which she is entitled, and makes his receipt therefor a full discharge in law and equity. Section 2372 vests in him as her trustee her separate statutory estate, with the right to manage and control the same without accountability to her for the rents, income and profits thereof. The wife can not, therefore, divest her husband of his authority as her trustee over her property by a con-

tract with one to whom she lends money, that he is to pay it back to her and not to her husband, he not being a party to the agreement.

The judgment is reversed and the cause remanded.